# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOHN W. HOGAN, | ) CASE NO. 1:23-CV-02146-CEF |
| Plaintiff, | ) |
| | ) U.S. DISTRICT JUDGE |
| v. | ) CHARLES E. FLEMING |
| | ) |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) U.S. MAGISTRATE JUDGE |
| | ) JENNIFER DOWDELL ARMSTRONG |
| Defendant, | ) **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Defendant The Guardian Life Insurance Company of America ("Defendant") filed a motion to strike pro se Plaintiff John W. Hogan's ("Plaintiff") Reply to Defendant's Motion of Support to Dismiss Complaint. (ECF No. 20.) Judge Fleming referred this case to me for general pretrial supervisions and resolution of nondispositive motions. (ECF No. 5.) For the following reasons, the Court DENIES Defendant's Motion to Strike Plaintiff's Reply to Defendant's Motion of Support to Dismiss Complaint.

## II. PROCEDURAL HISTORY AND RELEVANT FACTUAL BACKGROUND

Plaintiff's Complaint alleges that he purchased a whole life insurance policy from Defendant in November 1985, and this policy was terminated in December 2020. (ECF No. 1-1, PageID#9.) Plaintiff alleges that Defendant cancelled his policy due to three allegedly unauthorized withdrawals from his policy, which he maintains took place on November 13, 1990; February 16, 1991; and March 16, 2013. (*Id.*) Plaintiff asserts that these three withdrawals occurred without his permission and that the termination of his policy is therefore improper. (*Id.*) Plaintiff

1

alleges that Defendant attempted to settle the issues involving the November 1990 and February 1991 withdrawals, but Plaintiff rejected Defendant's proposal and Plaintiff's policy therefore remained terminated. (*Id.*) After Plaintiff filed his Complaint in the Cuyahoga County Court of Common Pleas, Defendant removed the action to this Court (*Id.* at PageID#1-5.)

Defendant filed its Motion to Dismiss on November 30, 2023, arguing that Plaintiff's action is time-barred by Ohio's applicable statute of limitations. (ECF No. 10.) Plaintiff filed his Opposition to Defendant's Motion to Dismiss on December 6, 2023. (ECF No. 12.) Defendant filed its Reply in Support of its Motion to Dismiss on December 13, 2023. (ECF No. 14.) Plaintiff then filed a motion entitled "Reply to Defendant's Motion of Support to Dismiss Complaint" – essentially, a surreply – on December 18, 2023. (ECF No. 15.) Defendant filed a motion to strike this motion on January 2, 2024. (ECF No. 20.)

### III. LAW & ANALYSIS

Defendant moves to strike Plaintiff's Reply to Defendant's Motion of Support to Dismiss Complaint because it is a surreply, and Plaintiff failed to comply with Local Rule 7.1 by failing to seek leave of Court prior to filing. (ECF No. 20, PageID#194-96). Under Local Rule 7.1, when "a party files a motion…the non-moving party [is permitted] to file an opposition and the moving party to file a reply." However, "[n]either the Local Rules nor the Federal Rules of Civil Procedure provide for additional briefing on motions." *Bickerstaff v. Cuyahoga Cnty.*, No. 1:18-CV-01142, 2019 WL 7500494, at *6 (N.D. Ohio Aug. 12, 2019), *report and recommendation adopted*, 2019 WL 5303967 (N.D. Ohio Oct. 21, 2019); *Eberhard v. Chi. Title Ins. Co.*, No. 1:11 CV 834, 2014 WL 12756822, at *2 (N.D. Ohio Jan. 8, 2014) (collecting cases). Thus, a party who wishes to submit additional briefing must seek leave of court. *Cf. Eberhard*, 2014 W 12756822, at *2.[1]

---

[1] Moreover, this Court's Case Management Order on December 6, 2023, explicitly instructs that "[n]o surreplies will be permitted absent advance leave of the court." (ECF No. 13, PageID#25.)

2

Rule 12(f) of the Federal Rules of Civil Procedure provides courts with the authority to "strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). A court has broad discretion in determining whether to grant a motion to strike. *Stephenson v. Family Sols. of Ohio, Inc.*, 499 F. Supp. 3d 467, 475 (N.D. Ohio Nov. 4, 2020); *McKinney v. Bayer Corp.*, No. 10-CV-224, 2010 WL 2756915, at *2 (N.D. Ohio July 12, 2010). However, "[m]otions to strike are viewed with disfavor," *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015), and are "granted only where the allegations are clearly immaterial to the controversy or would prejudice the movant." *Frisby v. Keith D. Weiner & Assocs. Co., LPA*, 669 F. Supp. 2d 863, 865 (N.D. Ohio 2009).

Here, Plaintiff already had the opportunity—and in fact took this opportunity on December 6, 2023 (ECF No. 12)—to oppose Defendant's Motion to Dismiss. On December 13, 2023, Defendant filed its Reply in Support of its Motion to Dismiss. (ECF No. 14.) Then, on December 18, 2023, after already submitting his opposition to Defendant's Motion to Dismiss, Plaintiff filed a motion entitled "Reply to Defendant's Motion of Support to Dismiss Complaint." (ECF No. 15.) As Defendant concedes, Plaintiff's surreply "essentially restated the same positions advanced in his [o]pposition [brief]." (ECF No. 20, PageID#195.) Plaintiff did not obtain leave of this Court to file this surreply, as Local Rule 7.1 requires.

Nonetheless, just as a court can exercise its discretion to strike an unsanctioned surreply, *Jones v. Northcoast Behavioral Healthcare Sys.*, 84 F. App'x 597, 598 (6th Cir. 2003), it can also exercise its discretion in the opposite direction. *Fugate v. Erdos*, No. 1:19-cv-30, 2019 WL 5066742, at *2 (S.D. Ohio Oct. 9, 2010) (exercising court's discretion not to strike prisoner-plaintiff's surreply filed without leave of court). Because Plaintiff is proceeding pro se and this

3

motion is his first unsanctioned surreply, this Court will exercise its discretion to excuse Plaintiff's failure to comply with Local Rule 7.1. *See Boyd v. Nyquist*, No. 2:21-cv-11926, 2022 WL 21896209, at *1 (E.D. Mich. July 12, 2022) (court exercising discretion not to strike surreply "[g]iven that [plaintiff] is proceeding pro se and the…surreply [was] his first unsanctioned surreply"). That said, the Court cautions Plaintiff to comply with Local Rule 7.1 in the future or potentially face consequences for failing to do so.

Finally, Defendant moves to strike because Plaintiff's surreply raises new issues that Defendant maintains are unrelated to the civil claims at the center of this litigation. (ECF No. 20, PageID#196-97.) It is true that a party may only respond to arguments raised for the first time in his opposition brief and cannot raise new issues in a reply brief. *See In re FirstEnergy Corp. Secs. Litig.*, 316 F. Supp. 2d 581, 599 (N.D. Ohio 2004); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). But a motion to strike applies only to pleadings—not motions—and is not the proper vehicle for attacking a plaintiff's improperly raised arguments in a surreply brief. *See* Fed. R. Civ. P. 12(f); *Sec'y of Dep't of Labor v. United Transp. Union*, No. 1:17 CV 923, 2020 WL 13505569, at *2 (N.D. Ohio Mar. 27, 2020) ("Generally, if a party contends that its opponent has included an improper argument or other objectionable material in a Local Rule 7.1 submission, the party typically should raise in its response or reply brief (and not in a separate motion to strike) its argument that the court should not consider such material."). Accordingly, the Court denies Defendant's motion to strike.

IV.     CONCLUSION

For the reasons set forth in this Memorandum Opinion and Order, the Court DENIES Defendant's Motion to Strike Plaintiff's Reply to Defendant's Motion of Support to Dismiss Complaint (ECF No. 20).

Dated: July 23, 2024 /s/ *Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**IT IS SO ORDERED.**