IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN W. HOGAN, | ) CASE NO. 1:23-cv-2146 |
| Plaintiff, | ) |
| | ) JUDGE CHARLES E. FLEMING |
| v. | ) |
| | ) |
| GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
| Defendant. | ) |

Before the Court is Defendant's motion to dismiss based on failure to state a claim. (ECF No. 10). Plaintiff filed a timely opposition (ECF No. 12), and Defendant filed a reply in support of the motion (ECF No. 14). For the reasons discussed below, the motion to dismiss is **GRANTED**.

## I. PROCEDURAL BACKGROUND

Plaintiff, proceeding pro se, filed a complaint against Defendant in the Cuyahoga County Court of Common Pleas on September 22, 2023. (ECF No. 1, PageID #8). On November 1, 2023, Defendant removed the action to this Court. (*Id*. at PageID #1). Plaintiff seeks the reinstatement of his life insurance policy's full value of $110,605 as well as damages for pain and suffering. (ECF No. 1, PageID #10–11).

On November 30, 2023, Defendant filed the instant motion. (ECF No. 10). Defendant argues that Plaintiff cannot recover as a matter of law because, construing Plaintiff's complaint as one for breach of contract, Ohio's statute of limitations, O.R.C. § 2305.06, bars those claims as untimely. (*Id.* at PageID #107). Defendant asserts that Plaintiff's breach of contract claims accrued at the time of each allegedly improper withdrawal on his life insurance policy, which is outside of the time provided in O.R.C. § 2305.06. (*Id.* at PageID #111).

1

Plaintiff opposed Defendant's motion. (ECF No. 12). Plaintiff argues that Defendant mistakenly charged him monthly interest fees from 1991 until the policy's December 6, 2020 cancellation, so his claims have re-accrued each time a monthly fee was added to the account balance. (*Id.* at PageID #120–21). Thus, Plaintiff asserts that his complaint is timely under O.R.C. § 2305.06. (*Id.* at PageID #121). Defendant replies that Plaintiff's claims accrued when the withdrawals occurred, not on the date his policy was cancelled, the date he learned about the effects, or the date the effects of the breach took place. (ECF No. 14, PageID #129–32). Defendant also clarifies that Ohio does not recognize a continuing violation or ongoing breach theory for breach of contract claims. (*Id.* at PageID #130).

Plaintiff replied to Defendant's reply. (ECF No. 15). In his sur-reply, Plaintiff states that Defendant misconstrues his claims as breach of contract, when his complaint is for forgery and theft. (*Id.* at PageID #135).

Defendant moved to strike Plaintiff's sur-reply. (ECF No. 20). The Court denied the motion to strike (ECF No. 31), but granted Defendant leave to file a response to the sur-reply. (Order [non-document] dated 08/16/2024). Defendant filed its response. (ECF No. 33, PageID #426–30). Defendant clarifies that Plaintiff cannot assert criminal claims of theft and forgery, so Defendant construes Plaintiff's new allegations to be for claims of civil conversion and unjust enrichment. (*Id.*). Defendant argues that these new claims are time-barred. (*Id.*).

## II. STANDARD OF REVIEW

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Id.* at 678. Fed. R. Civ. P. 8(a)(2) provides that the complaint should contain a short and plain statement of the claim, but that it should be more than a "the-defendant-unlawfully-harmed-me" accusation. *Id.* at 677–78 (citing *Twombly*, 550 U.S. at 555). The complaint "must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to Plaintiff, accepts the allegations of the complaint as true, and draws all reasonable inferences in Plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

The Sixth Circuit has recognized that pro se pleadings should be liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). It is well-settled that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The Sixth Circuit recognizes that the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

As a federal court exercising diversity jurisdiction, this Court applies the substantive law of the forum state and federal procedural law to this dispute. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (citing *Erie R. Co. v. Thompkins*, 304 U.S. 64 (1983)). In this case, the forum state is Ohio. Neither party disputes that Ohio substantive law controls. (ECF No. 10, PageID #110, n.2).

### III.    ANALYSIS

Defendant asserts that Plaintiff's complaint fails to state a claim for breach of contract, because Plaintiff's claims are untimely under Ohio Rev. Code § 2305.06. (ECF No. 10, PageID #110). Plaintiff counters by arguing that he actually asserts claims for theft and forgery, and that the statute of limitations only began to run on December 6, 2020 when the policy was cancelled and the interest fees stopped. (ECF No. 12, PageID #121; ECF No. 15, PageID #135–39). Defendant replies that even if Plaintiff's theft and forgery allegations are construed as claims for civil conversion and unjust enrichment, those claims too are time barred. (ECF No. 33, PageID #428–29).

Construing Plaintiff's pro se claims liberally, the Court examines the complaint to see whether it states a claim for breach of contract, unjust enrichment, or civil conversion.

**A.  Breach of Contract**

"Under Ohio law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach." *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012). Plaintiff's complaint does not clearly identify the bases for his claims. Defendant urges the Court to characterize Plaintiff's allegations as breach of contract claims, because "courts routinely consider claims on insurance policies to be breach of contract claims." (ECF No. 10, PageID #110). Here, there is a contract, performance by Plaintiff, alleged breach by Defendant via the purportedly unauthorized withdrawals, and claimed damage to Plaintiff as a result. Breach of contract is a plausible framework for Plaintiff's claims.

Defendant argues that Plaintiff's claims are barred by Ohio's statute of limitations for written contracts, O.R.C. § 2305.06. (ECF No. 10, PageID #110). Generally, a Rule 12(b)(6) motion is not an "appropriate vehicle" for dismissing a claim based on the state of limitations.

4

*Cheatom v. Quicken Loans*, 587 F. App'x 276, 279 (6th Cir. 2014). However, if the complaint affirmatively shows that the claim is time-barred, dismissal is appropriate. *Id.*

Over the years, Ohio's statute of limitations for breach of written contract claims has varied significantly. In September 2012, the fifteen-year limitation period was shortened to eight years. Ohio Rev. Code § 2305.06 (2012). The limitations period remained eight years until 2021, when it was further shortened to a six-year period. O.R.C. § 2305.06 (2021). However, for claims accruing prior to September 28, 2012, when the statute of limitation was shortened, the limitations period is fifteen years from the date of accrual or eight years from September 28, 2012, whichever is less. *SMS Fin. 30, L.L.C. v. Frederick D. Harris, M.D., Inc.*, 112 N.E.3d 395, 401 (Ohio 8th Dist. Ct. App. 2018) (citing 2012 Am. Sub. S.B. No 224, § 4). In Ohio, the statute of limitations in effect on the date the claim arose is, generally, the applicable statute of limitations. *See Krupar v. Centria P'ship*, No. 98-CA-18, 1999 WL 770232, at *3 (Ohio 1st Dist. Ct. App. Aug. 31, 1999).

"Ohio law holds that contractual limitations provisions in insurance contracts commence the moment that the triggering event occurs, regardless of other policy provisions requiring that certain conditions be fulfilled before the insured has a right to enforce the contract." *Friendly Farms v. Reliance Ins. Co.*, 79 F.3d 541, 545 (6th Cir. 1996). *See Cooper v. City of West Carrollton*, 112 N.E.3d 477, 485 (Ohio 2nd Dist. Ct. App. 2018) (citing *Kincaid v. Erie Ins. Co.*, 944 N.E.2d 207, 210 (Ohio 2010)) ("Causes of action for breach of contract accrue when the alleged breach causes actual damages to the complaining party."). "It is well-established that a cause of action for breach of contract accrues when the breach occurs." *Dudek v. Thomas & Thomas Att'ys & Counselors at Law, LLC*, 702 F. Supp. 2d 826, 839 (N.D. Ohio 2010) (citing *Turner v. Ret. Plan of Marathon Oil Co.*, 659 F. Supp. 534, 538 (N.D. Ohio 1987)).

5

Defendant argues that Plaintiff's claims are based on three allegedly improper withdrawals on his life insurance policy, so Plaintiff's claims accrued at the time of each withdrawal. (ECF No. 10, PageID #111). Plaintiff counters that because his policy was cancelled based on outstanding loans and interest fees, his claims accrued on December 6, 2020, the date he was last charged interest fees. (ECF No. 12, PageID #121). With his argument, Plaintiff encourages the Court to construe the interest fees as the breach event, under a continuing violation theory, because "the effects of the unauthorized withdrawals were ongoing for the life of the policy." (*Id*. at PageID #120–21).

Under the continuing violation doctrine, "in cases of recurring or continuing violations, the filing period begins to run anew with each new . . . day of the continuing violation." *Cooper*, 112 N.E.3d at 485 (citing Ohio Admin. Code 4112-3-01(D)(2)). Ohio courts, however, are "very reluctant to use the continuing violation doctrine outside the Title VII context." *Id.* (citing *State ex rel. Nickoli v. Erie MetroParks*, 923 N.E.2d 588, 594 (Ohio 2010)). *See also Nat'l Parks Conservation Ass'n, Inc. v. Tennessee Valley Auth.*, 480 F.3d 410, 416 (6th Cir. 2007) ("Courts have been extremely reluctant to apply this doctrine outside the context of Title VII"). Here, Plaintiff "has not cited any cases, nor is the Court aware of any, indicating that Ohio would entertain extending the continuing violation doctrine to breach of contract cases." *Marok v. Ohio State Univ.*, 2014 WL 1347535, at *6 (Ohio 10th Dist. Ct. App. Mar. 25, 2014) (quoting *Vitek v. AIG Life Brokerage*, No. 06-cv-615, 2008 WL 4372670, at *5 (S.D. Ohio Sept. 22, 2008)). Without legal authority in support, the Court declines to extend the continuing violation doctrine to Plaintiff's breach of contract claims.

Even if the continuing violation doctrine did apply to breach of contract claims, it would not apply to Plaintiff's claims because "the present effects of past violations do not trigger a

continuing violations exception." *State ex rel. Nickoli*, 923 N.E.2d at 594 (quoting *Ohio Midland, Inc. v. Ohio Dep't of Transp.*, 286 F. App'x 905, 912 (6th Cir. 2008)). Plaintiff concedes that the policy was "canceled *based on* outstanding loans and interest fees" stemming from the allegedly improper policy withdrawals. (ECF No. 12, PageID #119 (emphasis added)). The outstanding loans and interest fees are continuing *effects* from the policy withdrawals, not continuing *violations*. The policy's terms provide that loans borrowed on the policy accumulate interest at an annual rate. (ECF No. 1, PageID #23). By the policy's own terms, Defendant charging interest on the three withdrawals does not violate the policy. Rather, the withdrawals are the alleged violations. The withdrawals were discrete, not continuing, events. "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *State ex rel. Nickoli*, 923 N.E.2d at 594 (quoting *Broom v. Strickland*, 579 F.3d 553, 555 (6th Cir. 2009)). The continuing effects doctrine does not apply for these reasons as well.

Returning to Ohio's statute of limitations, the Court finds that Plaintiff's breach of contract claims are all untimely. For the November 1990 and February 1991 withdrawals, Plaintiff would have had fifteen years from the withdrawal date to file his claims. Thus, he had until November 2005 and February 2006 to file those breach of contract claims. As for the March 2013 withdrawal, Plaintiff had eight years, until 2021, to bring a breach of contract claim. O.R.C. § 2305.06 (2012). Plaintiff commenced this action on September 23, 2023. (ECF No. 1, PageID #8). Accordingly, any breach of contract claims brought by Plaintiff are barred by the statute of limitations and are therefore **DISMISSED**.

### B. Alternate Claims

Plaintiff argues that his claims are based, *inter alia*, on "theft" and "forgery." (ECF No. 15, PageID #135). Theft and forgery are crimes under Ohio and federal law. O.R.C. §§ 2913.02, 2913.31; 18 U.S.C. §§ 495, 657. However, as a private citizen, Plaintiff lacks authority to initiate

7

a state or federal criminal prosecution against Defendant. *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)).

The Court accepts Defendant's suggestion to construe Plaintiff's claims as counts for unjust enrichment and civil conversion. (ECF No. 33, PageID #428). The Court will construe these as alternate pleadings to the alleged breach of contract claims. Defendant argues that Plaintiff also fails to state a claim for unjust enrichment or civil conversion, because those claims also were brought outside the applicable statutes of limitation. (*Id.*). The Court agrees.

### 1. Unjust Enrichment

The elements of an unjust enrichment claim are: (1) a benefit conferred by Plaintiff upon Defendant; (2) knowledge by Defendant of the benefit; and (3) retention of the benefit by Defendant under circumstances where it would be unjust to do so without payment. *Brown v. Fukuvi USA, Inc.*, 2022 WL 1514910, at *14 (Ohio 2nd Dist. Ct. App. May 13, 2022). The statute of limitations for unjust enrichment claims is governed by O.R.C. § 2305.07, which imposes a six-year statute of limitations. *Id.* "Such a claim arises when a party retains money or benefits which, in justice and equity, belong to another." *Blank v. Bluemile, Inc.*, 174 N.E.3d 859, 869 (Ohio 10th Dist. Ct. App. 2021). "The claim accrues on the date when the money or property is wrongly retained." *Id.*

Defendant argues that the Court should construe Plaintiff's unjust enrichment claims as accruing when the withdrawals were made. (ECF No. 33, PageID #429). Defendant notes that Plaintiff's arguments support this interpretation. (*Id.*). Plaintiff states that "if [he] did not authorize the withdrawals from the policy, the withdrawals were made by forgery and theft." (ECF No. 15, PageID #136). Plaintiff alleges that "the theft from the policy," i.e., the withdrawals, was the first step to the damage he suffered. (*Id.*). After the withdrawals, the withdrawn amounts were added

8

as loans to the policy, and then were charged interest fees. (*Id.*). Thus, the withdrawals are the money that Defendant allegedly improperly retained, and any unjust enrichment claim accrued when those amounts were withdrawn. Throughout his argument, Plaintiff equates the "theft" with the withdrawals, not the ongoing interest fees. The Court therefore uses the three withdrawal dates as the dates that Plaintiff's unjust enrichment claims accrued.

Applying the six-year statute of limitations to each of the withdrawals, Plaintiff had until November 1996, February 1997, or March 2019 to bring any unjust enrichment claims based on the November 1990, February 1991, or March 2013 policy withdrawals. Any claim for unjust enrichment by Plaintiff is untimely.

The continuing violation theory cannot save Plaintiff's unjust enrichment claims, for the same reasons it does not apply to Plaintiff's breach of contract claims. "Courts have been extremely reluctant to apply this doctrine outside the context of Title VII." *Nat'l Parks Conservation Ass'n, Inc.*, 480 F.3d. at 416. Plaintiff cites to no authority supporting the continuing violation doctrine's application to unjust enrichment claims. *See State ex rel. Nickoli*, 932 N.E.2d at 455–56 (declining to apply continued violation doctrine to takings claim). Even if the doctrine did apply, yet again Plaintiff cannot establish there were continued violations rather than the continued effects of prior violations.

Plaintiff's alleged unjust enrichment claims are barred because he did not bring them within the period required by the statute of limitations. Any unjust enrichment claims are **DISMISSED**.

    2. **Conversion**

Conversion is "a wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights." *NPF IV, Inc. v. Transitional Health Servs.*, 922 F. Supp. 77, 80–81 (S.D. Ohio 1996). The elements of

9

a conversion claim under Ohio law are: (1) Plaintiff's ownership or right to possession of the property at the time of the conversion; (2) Defendant's conversion by a wrongful act or disposition of Plaintiff's property rights; and (3) damages. *Id.* at 81. *See also* O.R.C. § 1303.60(A) ("An instrument also is converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument").

The relevant statute of limitations for Plaintiff's conversion claim is three years. *See Pate v. Huntington Nat. Bank*, 560 F. App'x 506, 513 (6th Cir. 2013). A cause of action for conversion accrues when Defendant engaged in the alleged conversion. *Id*. at 514. Defendant allegedly converted Plaintiff's instruments via the three unauthorized withdrawals. The dates of accrual for Plaintiff's conversion claims therefore are November 1990, February 1991, and March 2013. Plaintiff had until November 1993, February 1994, and March 2016 to bring any conversion claims based on the withdrawals. He did not do so.

Again, the Court finds that the continuing violation doctrine does not toll the statute of limitations for Plaintiff's conversion claims. See *Naiman Family Partners, L.P. v. Saylor*, 161 N.E.3d 83, 89 (Ohio 8th Dist. Ct. App. 2020) (finding that Ohio law does not apply the continuing violation theory to conversion claims). Plaintiff cites to no authority, and the Court cannot find any, that supports Plaintiff's conversion claims accruing on the last date interest was charged, December 6, 2020.

The Court finds that Plaintiff has failed to state a conversion claim upon which relief can be granted and **DISMISSES** Plaintiff's conversion claims.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 10) and **DISMISSES** this case **WITH PREJUDICE**. Plaintiff's pending motion for summary

judgment (ECF No. 32) and Defendant's motion for extension of the case management deadlines (ECF No. 39) are **DENIED** as **MOOT**.

    **IT IS SO ORDERED.**

Date: November 7, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**